

**U.S. Department of Justice**          *Letter*

**JEFFERSON B. SESSIONS III**
*United States Attorney General*

| | |
|---|---|
| *Michael G. Wheat* | *Eric J. Beste* |
| *(619) 546-8437* | *(619) 546-6695* |
| *Janaki S. Gandhi* | *Colin M. McDonald* |
| *(619) 546-8817* | *(619) 546-9144* |

**Special Attorneys to the Attorney General**

---

*San Diego County Office*
*Federal Office Building*
*880 Front Street, Room 6293*
*San Diego, California 92101-8893*

August 2, 2018

**By Mail and Email**
Honorable J. Michael Seabright
United States District Court
District of Hawaii
300 Ala Moana Blvd C-338
Honolulu, HI 96850

Re:   **United States v. Kealoha (1) and Kealoha (2),**
       Case No. CR 18-00068-JMS-RLP (D. Hawaii)

Dear Judge Seabright:

During a status conference on July 12, 2018, the Court ordered the parties to submit a letter on or before August 2, 2018, regarding the parties' position on voir dire and jury selection for the trial scheduled to begin on November 14, 2018. At your request, the parties met and conferred regarding the proposed processes and procedures. The parties have reached some agreement, subject to your review and concurrence, on the following points:

a.     The parties request that the jury clerk pre-screen the potential venire for the length of the trial to avoid having members with pre-paid travel plans, and other conflicts, from having to travel to Honolulu to be excused. (Ms. Kagiwada requests that the pre-screening form consist of a 1-page questionnaire that would be issued around the time of the jury summons, without any case identifying information. The United States believes the pre-screening process can be effectively performed by the jury clerk without the use of a questionnaire prepared by the parties.)

b.     The parties request juror cards be disbursed to the parties at least one week in advance of trial. The parties request a written hardship waiver be provided to prospective jurors along with the jury summons card to facilitate narrowing the venire.

c.     The parties propose a brief written questionnaire be issued to prospective jurors on the morning they arrive for jury selection, not in advance. The parties anticipate submitting to the Court, in advance of trial, a joint proposed written questionnaire that should take no more than 20-30 minutes for jurors to complete. The parties request at least 2 hours to review the responses before appearing on the record in Court. (Ms. Kagiwada

Letter to the Court
*U.S. v. Kealoha (1) and Kealoha (2)*, 18CR00068-JMS
*August 2, 2018*
Page 2 of 2

requests 2-4 hours to conduct this review, based on her jury consultant's recommendation. The United States does not believe that the parties will need more than 2 hours to effectively review the questionnaires.)

     d.    The parties propose that following the completion of the written questionnaires by the prospective jurors and review of the questionnaires by the parties, the Court and the parties should discuss challenges for cause to narrow the venire.

     e.    The parties propose that after narrowing the venire based on the written questionnaires, the Court and the parties should engage in voir dire with the remaining members of the venire.  The parties acknowledge that, depending on the circumstances of any particular prospective juror, individual voir dire may become necessary to protect privacy or avoid contaminating other potential jurors.

     f.    The parties propose the number of peremptory challenges for each party should be increased from the number allotted by Federal Rule of Criminal Procedure 24(b)(2). The parties agree to request 12 peremptory challenges for the defendants and 7 peremptory challenges for the United States.

     g.    The United States agrees that in the event it conducts criminal history checks of any prospective juror and those checks provide positive results, the United States will share those results with the defense.

     h.    The parties request the Court make arrangements, in coordination with the United States Marshals Service, for an alternative entry point to the Courthouse for the jurors during the trial to avoid potential interaction with media and other persons on the Courthouse steps.

Very truly yours,

JEFFERSON B. SESSIONS III
United States Attorney General

MICHAEL G. WHEAT
ERIC J. BESTE
JANAKI S. GANDHI
COLIN M. MCDONALD
Special Attorneys to the Attorney General

CC:   Cynthia Kagiwada (by email)
       Rustam Barbee (by email)