JEFFERSON B. SESSIONS III
United States Attorney General
ADAM L. BRAVERMAN
United States Attorney
MICHAEL G. WHEAT, CBN 118598
ERIC J. BESTE, CBN 226089
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
United States Attorney's Office
880 Front Street, Room 6293
San Diego, CA 92101
Tel: 619-546-8437/6695/8817/9144
Email: michael.wheat@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br>　　v.<br><br>KATHERINE P. KEALOHA (1), and<br>LOUIS M. KEALOHA (2),<br><br>　　　　　　　Defendants. | Case No. CR 18-0068-JMS-RLP<br><br>UNITED STATES' RESPONSE IN OPPOSITION TO DEFENDANT KATHERINE KEALOHA'S MOTION TO CONTINUE TRIAL |

Comes now the UNITED STATES OF AMERICA, by and through its counsel, and hereby submits its Opposition to the Motion to Continue Trial filed by Defendant Katherine Kealoha ("Defendant"). Months ago, Defendant requested a continuance of the June 2018 trial date, and specifically agreed to a new date of November 14, 2018. Based on the representations of Defendant and her counsel,

this Court granted the request and set a trial date of November 14, 2018.  Now, just four weeks prior to trial and without providing the public with any justification, Defendant asks this Court to vacate her long-set trial date.  Defendant's only proffered basis for a continuance is contained in a declaration and exhibits that she filed under seal, as they contain "confidential medical records and information."  Given the timing of Defendant's request, her recent appearances in public, and her past practice of feigning serious illnesses, Defendant's request is suspect.  As with her earlier motion to continue the trial, Defendant's instant motion is premature and should be denied without prejudice.

## I.

## STATEMENT OF THE CASE

On March 22, 2018, the grand jury for the District of Hawaii returned a Superseding Indictment against Defendant on a variety of charges, including conspiracy, obstruction, bank fraud, and aggravated identity theft.  Case No. CR 17-0582-JMS-RLP, ECF Doc. 164.  Trial of the case had previously been set for June 18, 2018.  *Id.* ECF Doc. 125, at 3.  On May 3, 2018, this Court severed the counts into two separate trials: the first involving only Defendant and co-defendant Louis Kealoha, and the second involving all six defendants.  *Id.* ECF Doc. 230, 232.

On May 9, 2018, Defendant appeared for a status hearing and moved to continue the June 2018 trial date, contending that she needed additional time to review the discovery, prepare motions, and ready both cases for trial.  *Id.* ECF Doc.

236, 238.  The Court granted the motion, made findings sufficient to exclude time under the Speedy Trial Act, and set a date of November 14, 2018, for the severed counts against Defendant and Louis Kealoha.  *Id.*

On May 24, 2018, the grand jury returned a 14-count Second Superseding Indictment ("SSI"), setting out the eight counts of bank fraud (in violation of 18 U.S.C. § 1344) against Defendant and Louis Kealoha, the four counts of aggravated identity theft (18 U.S.C. § 1028A) against Defendant, and the two counts of obstruction of official proceeding (18 U.S.C. § 1512(c)) against Defendant.  *Id.* ECF Doc. 248.  At the arraignment on May 30, 2018, the Court confirmed the existing trial date of November 14, 2018, and directed that further proceedings on the severed counts be docketed in Case No. CR 18-0068-JMS-RLP.  *Id.* ECF No. 248.

On July 27 and July 31, 2018, Defendant and Louis Kealoha separately filed motions to sever counts. Case No. CR 18-0068-JMS-RLP, ECF Docs. 23, 27. Defendant made no mention of moving the trial date, or seeking relief because of an alleged medical condition.  At a hearing on August 31, 2018, the Court denied the motions to sever and maintained the November trial date. ECF Doc. 52-53.

On September 12, 2018, two days before the final pretrial conference, Defendant filed a sealed motion. ECF Doc. 61. That motion was discussed and granted during a sealed portion of the final pretrial conference on September 14, 2018. ECF Doc. 67, 71.  Although a continuance of the trial was not mentioned during the hearing, just a few hours later, Defendant filed a written motion to

3

continue trial, claiming that "[i]n light of the sealed motion granted today, counsel will need more time to consult with defendant and prepare appropriate motions once that motion is resolved." ECF Doc. 68-1. That same day, the Court denied Defendant's motion as premature. ECF Doc. 69.

On October 10, 2018, Defendant filed a second motion to continue trial. ECF Doc. 88. She moved to seal the accompanying declaration and exhibits, claiming they contained "confidential medical records and information." ECF Doc. 89. This Court granted the request to seal Defendant's pleadings, and set a hearing date for October 23, 2018.

## II

## ARGUMENT

This Court should deny Defendant's motion as premature and lacking sufficient detail. First, as outlined in the United States' Supplemental Response in Opposition (filed concurrently under seal), Defendant's under seal filing fails to establish how the alleged medical condition would interfere with Defendant's ability to prepare for, and participate in, her trial. No doubt, the pendency of a criminal trial must place significant pressure upon Defendant. But that pressure is attendant in every criminal trial, and Defendant has not demonstrated that her present situation renders her unable to prepare for or participate in her trial.

Second, the timing of Defendant's request is suspect. The first time Defendant raised an issue concerning her medical condition was in her under seal filing of

September 12, 2018, but at that time she did <u>not</u> seek to continue the trial. Now, just one month before trial, Defendant claims her and her counsel cannot be ready for a November trial because of her medical condition. In Defendant's prior court appearances, no mention was made of any condition which would justify the instant request. Defendant recently has been observed in public behaving in a manner entirely consistent with someone who is able to stand trial next month.[1] And according to Defendant's counsel, earlier this month Defendant explained that she "spoke to Ms. Ho [the relator selected by the Court] and that Ms. Ho agreed that the custom-built furniture currently staged in the house could increase the value of the property and decrease the costs and delays of restaging the property." ECF Doc. 84-

---

[1] For example, just before transferring possession of her former residence to the United States Marshalls Service, Defendant was observed by the media receiving and paying for food from a delivery service:



https://www.hawaiinewsnow.com/2018/10/12/authorities-seize-hawaii-kai-home-ex-police-chief-wife/; https://www.facebook.com/1420205458192728/posts/2169524246594175/ (video).

1 at 2-3.  According to her counsel, "Ms. Kealoha further indicated that she arranged to meet Ms. Ho . . . to show her the custom-built furniture and the staging of the property."  *Id.* at 3.  Such are not the actions of a gravely ill person.

Third, as outlined in the United States' Supplemental Response in Opposition, Defendant has previously attempted to manipulate others by claiming to suffer from serious medical infirmities.  The instant motion appears to be just another in a series of tactics designed to avoid the consequences of her actions.

While reasons may exist to continue the trial, the Defendant's proffered justifications are insufficient.  The motion should be denied.

Dated: October 18, 2018

        JEFFERSON B. SESSIONS III
        United States Attorney General

        ADAM L. BRAVERMAN
        United States Attorney

        /s/ *Eric J. Beste*
        MICHAEL G. WHEAT
        ERIC J. BESTE
        JANAKI S. GANDHI
        COLIN M. MCDONALD
        Special Attorneys to the Attorney General

UNITED STATES DISTRICT COURT

DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE P. KEALOHA (1), et al.,<br><br>Defendants. | Case No. CR 18-0068-JMS-RLP<br><br>CERTIFICATE OF SERVICE |

IT IS HEREBY CERTIFIED that:

I, Eric J. Beste, am a citizen of the United States and am at least eighteen years of age. My business address is 880 Front Street, Room 6293, San Diego, CA 92101-8893.

I am not a party to the above-entitled action. I have caused service of the foregoing on all parties in this case by electronically filing the foregoing with the Clerk of the District Court using its ECF System, which electronically notifies them.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2018.

s/ Eric J. Beste
Eric J. Beste
