ORIGINAL

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

SEP 1 9 2019

at____o'clock and____min.____M
SUE BEITIA, CLERK

WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General
880 Front Street, Room 6293
San Diego, CA 92101
Tel: 619-546-8437/7951/8817/9144
Email: michael.wheat@usdoj.gov

Attorneys for the United States of America

## UNITED STATES DISTRICT COURT
### DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> KATHERINE P. KEALOHA (1), <br>  *aka Katherine E. Kealoha,* <br>  *aka Kathy Kealoha,* <br>  *aka K. Aloha,* <br>  *aka Kathryn Aloha* <br>  *aka Kat,* <br>  *aka Alison Lee Wong*, and <br> LOUIS M. KEALOHA (2), <br><br> Defendants. | CR. NO. 18-00068-JMS-WRP <br><br> THIRD SUPERSEDING INDICTMENT <br><br> Title 18, U.S.C., Section 1344 – Bank Fraud; Title 18, U.S.C., Section 1028A – Aggravated Identity Theft; Title 18, U.S.C., Section 1512(c) – Obstruction of Official Proceeding; Title 18, U.S.C., Section 2 – Aiding and Abetting; Title 18, U.S.C., Section 982(a)(2)(A) – Criminal Forfeiture. |

The Grand Jury charges, at all times material:

## INTRODUCTORY ALLEGATIONS

1.    Defendant KATHERINE P. KEALOHA (1) ("K. KEALOHA") was an attorney licensed to practice in the State of Hawaii.  From 1993 to 2001, K. KEALOHA worked in the Department of the Prosecuting Attorney ("DPA") for the City and County of Honolulu, first as an intern, and later as a Deputy Prosecuting Attorney. From 2001 to 2006, K. KEALOHA was a solo practitioner in Honolulu, practicing criminal defense, personal injury, and family law.   In 2006, K. KEALOHA returned to work as a Deputy Prosecuting Attorney for the DPA.  In 2008, she was appointed the Director of the Office of Environmental Quality Control for the State of Hawaii.  In 2010, K. KEALOHA again returned to the DPA as a Deputy Prosecuting Attorney, ultimately becoming a supervisor in the office.

2.    Defendant LOUIS M. KEALOHA (2) ("L. KEALOHA"), the husband of K. KEALOHA, was an officer in the Honolulu Police Department ("HPD") for over 30 years.  L. KEALOHA had an undergraduate degree in criminal justice and business administration, a graduate degree in criminal justice, and a doctorate degree in education from the University of Southern California.  Between November 2009 and January 2017, L. KEALOHA served as HPD's Chief of Police.

### Financial Accounts of K. KEALOHA and L. KEALOHA

3.    Between 2004 and 2017, defendants K. KEALOHA and L. KEALOHA opened and controlled over thirty separate bank accounts at various financial

institutions located in the State of Hawaii. Among the banks and credit unions used by defendants L. KEALOHA and K. KEALOHA to hold and move money were Aloha Pacific Credit Union ("APCU"), American Savings Bank ("ASB"), Bank of Hawaii ("BOH"), First Hawaiian Bank ("FHB"), Hawaii Law Enforcement Credit Union ("HLECU"), Hawaii Central Federal Credit Union ("HCFCU"), Hawaii State Federal Credit Union ("HSFCU"), and Hawaii USA Federal Credit Union ("HUSAFCU"), each of which qualified as a "financial institution" pursuant to Title 18, United States Code, Section 20.

<u>Misappropriation of Trust Funds</u>

4.      In or about 2004, while employed as a private attorney, K. KEALOHA was appointed by the Hawaii state court as "Guardian of the Property" for two minor children: Ransen Taito (charged elsewhere), then age 12; and A.T., then age 10. The state court further ordered K. KEALOHA to create individual trust accounts for Ransen Taito and A.T., and to deposit over $167,000 to be held in trust for their benefit. Pursuant to a state court order, all disbursements and transactions associated with these trust accounts were to be approved by both K. KEALOHA and her co-counsel in the state court guardianship case ("Attorney 1").

5.      In or about May 2004, K. KEALOHA opened two separate trust accounts for Ransen Taito and A.T. ("the Trust Accounts"), each containing over $83,884 in trust proceeds, but (in contravention of the Hawaii state court order) identified only herself as the trustee and authorized signatory on the Trust Accounts.

6.     Between May 2004 and February 2012, without notice to or approval from Ransen Taito, A.T., or Attorney 1, K. KEALOHA used almost all the funds in the Trust Accounts to pay the personal expenses of L. KEALOHA and K. KEALOHA, including:

a.     On or about January 4, 2008, K. KEALOHA pledged one of the Trust Accounts as collateral for a $50,000 personal loan to K.  KEALOHA from ASB ("ASB x3126");

b.     On or about March 1, 2008, K. KEALOHA pledged one of the Trust Accounts as collateral for a $38,500 personal loan to K. KEALOHA from ASB ("ASB x3296");

c.     On or about January 12, 2009, K. KEALOHA withdrew $4,500 in cash from a Trust Account;

d.     On or about March 19-20, 2009, K. KEALOHA pledged one of the Trust Accounts as collateral for a $55,082 personal loan from ASB ("ASB x5383"), and used a cashier's check to transfer $20,000 from ASB x5383 to pay for L. KEALOHA and K. KEALOHA's personal expenses;

e.     On or about March 31, 2009, K. KEALOHA withdrew $3,300 in cash from a Trust Account;

f.     On or about May 18, 2009, K. KEALOHA transferred $5,200 from a Trust Account to pay for L. KEALOHA and K. KEALOHA's personal expenses, including their home mortgage payment;

4

g.      On or about May 18, 2009, K. KEALOHA withdrew $900 in cash from a Trust Account;

h.      On or about May 18, 2009, K. KEALOHA caused an online transfer of $1,000 from a Trust Account to pay for personal expenses;

i.      On or about June 22, 2009, K. KEALOHA transferred $6,500 from a Trust Account to pay for L. KEALOHA and K. KEALOHA's personal expenses, including their mortgage payment;

j.      On or about June 26, 2009, K. KEALOHA withdrew $2,000 in cash from a Trust Account;

k.      On or about June 26, 2009, K. KEALOHA transferred $4,000 from a Trust Account to pay for L. KEALOHA and K. KEALOHA's personal expenses;

l.      On or about August 5, 2009, K. KEALOHA withdrew $1,100 in cash from a Trust Account;

m.      On or about March 19, 2010, K. KEALOHA used all the remaining funds in a Trust Account – over $55,000 – to pay off the outstanding loan balance on ASB x5383;

n.      On or about May 17, 2010, K. KEALOHA transferred $1,000 from a Trust Account to pay for L. KEALOHA and K. KEALOHA's personal expenses;

     o.     On or about July 12, 2010, K. KEALOHA transferred $2,440 from a Trust Account to pay for L. KEALOHA and K. KEALOHA's personal expenses, including the cost of refinancing their home;

     p.     On or about January 21, 2011, K. KEALOHA transferred $203 from a Trust Account to pay for overdraft charges on L. KEALOHA and K. KEALOHA's personal bank account; and

     q.     On or about January 4, 2012, K. KEALOHA used all the remaining funds in a Trust Account – over $49,000 – to pay off the outstanding loan balance on ASB x3126.

7.     On numerous occasions between 2010 and 2012, K. KEALOHA provided false and misleading information to Attorney 1 and the Hawaii state court about the Trust Accounts, and concealed the fact that K. KEALOHA and L. KEALOHA had misappropriated almost $150,000 from the Trust Accounts. For example:

     a.     On or about August 10, 2010, K. KEALOHA prepared a court pleading falsely representing that prior to his eighteenth birthday, Ransen Taito controlled his Trust Account and had received all the funds held in that account. K. KEALOHA fraudulently caused Ransen Taito to sign this false document, caused the forged signature of an alleged witness to be added, and filed the document and certain fraudulent exhibits with the Hawaii state court.

6

b.      On August 2-3, 2011, K. KEALOHA sent emails to her alias, "Alison Lee Wong," which she then forwarded to Attorney 1's law firm, in order to make it appear that K. KEALOHA was actively working towards closing Ransen Taito's and A.T.'s guardianships.

c.      On August 7, 2011, K. KEALOHA sent an email to Attorney 1's law firm claiming that "Alison" had "put together the final accounting [for Ransen Taito]" and had called Ransen Taito regarding signing the necessary documents to finalize Ransen Taito's account.

d.      On or about August 12, 2011, K. KEALOHA fraudulently convinced Ransen Taito to sign another pleading falsely claiming that Ransen Taito had received all of the funds in his Trust Account, and filed this false document with the Hawaii state court.

e.      On or about September 26, 2011, K. KEALOHA sent an email to Attorney 1's law firm, claiming she "plan[ned] on meeting with Alison [Lee Wong]" in several days to "go over the documents that [Ransen Taito] dropped off."

f.      On or about October 26, 2011, using the alias "Alison Lee Wong," K. KEALOHA sent a fraudulent email to Attorney 1's law firm regarding closing out Ransen Taito and A.T.'s guardianships, and falsely represented that Alison Lee Wong was "making sure all necessary documents are signed."

g.     On or about May 10, 2012, K. KEALOHA fraudulently induced Ransen Taito to sign a "Statement of Ransen Taito" that she created, which falsely stated that Ransen Taito had received over $83,884.91 from his Trust Account by the time he turned eighteen.

h.     On or about June 28, 2012, K. KEALOHA sent the false "Statement of Ransen Taito" to Attorney 1 in response to Attorney 1's persistent inquiries into K. KEALOHA's resolution of the guardianship case when Ransen Taito turned eighteen.

<u>Count 1</u>

Bank Fraud (18 U.S.C. § 1344)

8.     The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7 of this Indictment.

9.     Beginning no later than December 2007, and continuing through January 2012, within the District of Hawaii, defendants KATHERINE P. KEALOHA, aka Katherine E. Kealoha, aka Kathy Kealoha, aka K. Aloha, aka Kathryn Aloha, aka Kat, aka Alison Lee Wong, and LOUIS M. KEALOHA knowingly devised, with the intent to defraud, a material scheme to defraud ASB and to obtain money and funds owned by and under the custody and control of ASB by means of materially false and fraudulent pretenses, representations and promises.

8

10.     It was part of the scheme that K. KEALOHA would apply to ASB for a "Savings Secured Loan" in the amount of $50,000 by fraudulently pledging as collateral the Trust Account owned by Ransen Taito.

11.     It was further part of the scheme that K. KEALOHA would falsely represent to ASB that the loan proceeds would be used to pay for "home improvement/tuition."

12.     It was further part of the scheme that K. KEALOHA and L. KEALOHA would use ASB's loan proceeds to pay for expenses other than the home improvement and tuition needs of Ransen Taito.

13.     It was further part of the scheme that when the Savings Secured Loan came due, K. KEALOHA would cause Ransen Taito's Trust Account to be liquidated and $49,580.99 of Ransen Taito's money to be used to repay ASB for K. KEALOHA's loan.

<u>Execution of the Scheme</u>

14.     On or about January 4, 2008, within the District of Hawaii, L. KEALOHA and K. KEALOHA knowingly executed the scheme by falsely certifying to ASB that K. KEALOHA owned the funds in the Trust Account and was authorized to pledge the Trust Account as collateral for the loan.

All in violation of Title 18, United States Code, Sections 1344(1), 1344(2), and 2.

//

//

9

## Count 2

### Bank Fraud (18 U.S.C. § 1344)

15.    The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7 of this Indictment.

16.    Beginning no later than March 2009, and continuing through March 2010, within the District of Hawaii, defendants KATHERINE P. KEALOHA, aka Katherine E. Kealoha, aka Kathy Kealoha, aka Kat, aka K. Aloha, aka Kathryn Aloha, aka Alison Lee Wong, and LOUIS M. KEALOHA knowingly devised, with the intent to defraud, a material scheme to defraud ASB and to obtain money and funds owned by and under the custody and control of ASB by means of materially false and fraudulent pretenses, representations and promises.

17.    It was part of the scheme that K. KEALOHA would apply to ASB for a "Savings Secured Loan" in the amount of $55,082.22 by fraudulently pledging as collateral the Trust Account owned by A.T.

18.    It was further part of the scheme that K. KEALOHA would falsely represent to ASB that the loan proceeds would be used for "kid[']s expenses."

19.    It was further part of the scheme that K. KEALOHA and L. KEALOHA would use ASB's loan proceeds to pay for expenses other than those incurred for the benefit of A.T., including the repayment of an earlier Savings Secured Loan that K. KEALOHA had procured using A.T.'s Trust Account.

20.    It was further part of the scheme that K. KEALOHA would transfer $12,000 from this Savings Secured Loan into another bank account, and would use those funds to pay for the personal expenses of K. KEALOHA and L. KEALOHA, including an $8,000 credit card payment, a $6,247.77 mortgage payment, private school tuition payment for their child, property taxes and other real estate expenses.

21.    It was further part of the scheme that when the Savings Secured Loan came due, K. KEALOHA would cause A.T.'s Trust Account to be liquidated and $55,194.20 of A.T.'s money to be used to repay ASB for K. KEALOHA's loan.

### Execution of the Scheme

22.    On or about March 19, 2009, within the District of Hawaii, L. KEALOHA and K. KEALOHA knowingly executed the scheme by falsely certifying to ASB that K. KEALOHA owned the funds in the Trust Account and was authorized to pledge the Trust Account as collateral for the loan.

All in violation of Title 18, United States Code, Sections 1344(1), 1344(2), and 2.

### Count 3

### Bank Fraud (18 U.S.C. § 1344)

23.    The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7 of this Indictment.

24.    Beginning no later than March 2010, and continuing through July 2010, within the District of Hawaii, defendants KATHERINE P. KEALOHA, aka Katherine E. Kealoha, aka Kathy Kealoha, aka K. Aloha, aka Kathryn Aloha, aka

Kat, aka Alison Lee Wong, and LOUIS M. KEALOHA knowingly devised, with the intent to defraud, a material scheme to defraud HUSAFCU and to obtain money and funds owned by and under the custody and control of HUSAFCU by means of materially false and fraudulent pretenses, representations and promises.

25.     It was part of the scheme that L. KEALOHA and K. KEALOHA would apply to HUSAFCU for a first loan in the amount of $1,100,000 to refinance their mortgage on their then personal residence, and falsely certify that the information provided in support of their application was true and correct.

26.     It was further part of the scheme that on or about March 31, 2010, L. KEALOHA and K. KEALOHA would sign and submit to HUSAFCU a loan application falsely claiming the two Trust Accounts as their own assets.

27.     It was further part of the scheme that L. KEALOHA and K. KEALOHA would submit a letter dated March 12, 2010, falsely denying certain derogatory items on their credit report.

28.     It was further part of the scheme that in or about June 2010, K. KEALOHA altered monthly statements for one of the Trust Accounts to make it appear that she owned the accounts, and forwarded those altered documents to HUSAFCU to support the loan application.

29.     It was further part of the scheme that on or about July 6, 2010, using the alias Alison Lee Wong, K. KEALOHA sent a fabricated email to herself at a different email address, and forwarded that email to her mortgage broker, in order

to make it appear that derogatory credit associated with K. KEALOHA was erroneous, and that KEALOHA's assistant, "Alison Lee Wong," was attempting to correct such errors.

Execution of the Scheme

30.     On or about July 9, 2010, within the District of Hawaii, L. KEALOHA and K. KEALOHA knowingly executed the scheme by falsely certifying in a Form 1003 loan application that they personally owned the assets in one of the Trust Accounts, when in fact K. KEALOHA was merely a trustee on the Trust Account and the true owner was Ransen Taito.

All in violation of Title 18, United States Code, Sections 1344(1), 1344(2), and 2.

Count 4

Bank Fraud (18 U.S.C. § 1344)

31.     The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7 of this Indictment.

32.     Beginning no later than June 2012, and continuing through July 24, 2012, within the District of Hawaii, defendants KATHERINE P. KEALOHA, aka Katherine E. Kealoha, aka Kathy Kealoha, aka K. Aloha, aka Kathryn Aloha, aka Kat, aka Alison Lee Wong, and LOUIS M. KEALOHA knowingly devised, with the intent to defraud, a material scheme to defraud HCFCU and to obtain money and funds owned by and under the custody and control of HCFCU by means of materially false and fraudulent pretenses, representations and promises.

13

33.     It was part of the scheme that L. KEALOHA and K. KEALOHA would apply to HCFCU for a second mortgage on their then personal residence in the amount of $150,000, and falsely certify that the information provided in support of their application was true and correct.

34.     It was further part of the scheme that in or about June 2012, K. KEALOHA would submit a forged "Hawaii Residential Lease Agreement" to HCFCU to give the false impression that L. KEALOHA and K. KEALOHA received rental income every month.

Execution of the Scheme

35.     On or about July 24, 2012, within the District of Hawaii, K. KEALOHA and L. KEALOHA knowingly executed the scheme by falsely certifying in a Form 1003 loan application that they received over $2,700 per month in rental income, when in fact no such lease agreement existed and the defendants did not receive such rent or lease payments.

All in violation of Title 18, United States Code, Sections 1344(1), 1344(2), and 2.

Count 5

Bank Fraud (18 U.S.C. § 1344)

36.     The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7 of this Indictment.

37.     In or about March 2013, within the District of Hawaii, defendants KATHERINE P. KEALOHA, aka Katherine E. Kealoha, aka Kathy Kealoha, aka

K. Aloha, aka Kathryn Aloha, aka Kat, aka Alison Lee Wong, and LOUIS M. KEALOHA knowingly devised, with the intent to defraud, a material scheme to defraud HCFCU and to obtain money and funds owned by and under the custody and control of HCFCU by means of materially false and fraudulent pretenses, representations and promises.

38.    It was part of the scheme that L. KEALOHA and K. KEALOHA would apply to HCFCU for a home equity line of credit on their then personal residence in the amount of $180,000, and falsely certify that the information provided in support of their application was true and correct.

39.    It was further part of the scheme that L. KEALOHA and K. KEALOHA would sign a Loanliner form in support of the loan application.

40.    It was further part of the scheme that in or about June 2012, K. KEALOHA would submit a forged "Hawaii Residential Lease Agreement" to HCFCU to give the false impression that K. KEALOHA and L. KEALOHA received rental income every month, when in fact no such lease agreement existed and the defendants did not receive such rent or lease payments.

41.    It was further part of the scheme that K. KEALOHA and L. KEALOHA would falsely claim to HCFCU that derogatory information on their credit reports did not belong to them, and would provide false explanations for why derogatory items appeared on their credit reports.

42.     It was further part of the scheme that K. KEALOHA would submit to HCFCU a forged letter purportedly from the Aloha Pain Clinic, and purportedly signed by P.S., informing K. KEALOHA that her current balance of $7,940.33 was due in full before the Aloha Pain Clinic would release K. KEALOHA's medical records to a "doctor at the NYC Clinic."

43.     It was further part of the scheme that K. KEALOHA would falsely state to a representative of HCFCU that she was dying and needed the money from the new line of credit so she could pay her outstanding balance with the Aloha Pain Clinic, then go to a clinic in New York, which represented K. KEALOHA's last chance of surviving.

<u>Execution of the Scheme</u>

44.     In or about March 2013, within the District of Hawaii, K. KEALOHA and L. KEALOHA knowingly executed the scheme by submitting a forged HPD police report, purportedly signed by HPD officer C.P.M. on March 30, 2009, and claiming that the defendants were the victims of identity theft, in an attempt to explain derogatory information on their credit reports.

All in violation of Title 18, United States Code, Sections 1344(1), 1344(2), and 2.

//

//

//

//

16

## Count 6

## Bank Fraud (18 U.S.C. § 1344)

45.    The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7 of this Indictment.

46.    Beginning in or about June 2013, and continuing until August 30, 2013, within the District of Hawaii, defendants KATHERINE P. KEALOHA, aka Katherine E. Kealoha, aka Kathy Kealoha, aka K. Aloha, aka Kathryn Aloha, aka Kat, aka Alison Lee Wong, and LOUIS M. KEALOHA knowingly devised, with the intent to defraud, a material scheme to defraud HCFCU and to obtain money and funds owned by and under the custody and control of HCFCU by means of materially false and fraudulent pretenses, representations and promises.

47.    It was part of the scheme that L. KEALOHA and K. KEALOHA would apply to HCFCU for a $980,000 mortgage loan to purchase a home, and falsely certify that the information provided in support of their application was true and correct.

48.    It was further part of the scheme that L. KEALOHA and K. KEALOHA would submit to HCFCU letters of explanation dated March 12, 2010, and July 12, 2012, falsely representing that certain derogatory credit did not belong to them.

## Execution of the Scheme

49.    In or about August 2013, within the District of Hawaii, K. KEALOHA and L. KEALOHA knowingly executed the scheme by submitting a forged HPD

police report, purportedly signed by HPD officer C.P.M. on March 30, 2009, and claiming that the defendants were the victims of identity theft, in an attempt to explain derogatory information on their credit reports.

All in violation of Title 18, United States Code, Sections 1344(1), 1344(2), and 2.

## Count 7

### Bank Fraud (18 U.S.C. § 1344)

50.     The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7 of this Indictment.

51.     Beginning in or about May 2014, and continuing until July 11, 2014, within the District of Hawaii, defendants KATHERINE P. KEALOHA, aka Katherine E. Kealoha, aka Kathy Kealoha, aka K. Aloha, aka Kathryn Aloha, aka Kat, aka Alison Lee Wong, and LOUIS M. KEALOHA knowingly devised, with the intent to defraud, a material scheme to defraud HCFCU and to obtain money and funds owned by and under the custody and control of HCFCU by means of materially false and fraudulent pretenses, representations and promises.

52.     It was part of the scheme that L. KEALOHA and K. KEALOHA would apply to HCFCU for a $90,000 home equity loan for "debt consolidation", and falsely certify that the information provided in support of their application was true and correct.

//

//

53.     It was further part of the scheme that L. KEALOHA and K. KEALOHA would submit to HCFCU a letter of explanation dated July 12, 2012, falsely representing that certain derogatory credit accounts did not belong to them.

<u>Execution of the Scheme</u>

54.     In or about July 2014, within the District of Hawaii, K. KEALOHA and L. KEALOHA knowingly executed the scheme by submitting a forged HPD police report, purportedly signed by HPD officer C.P.M. on March 30, 2009, and claiming that the defendants were the victims of identity theft, in an attempt to explain derogatory information on their credit reports.

All in violation of Title 18, United States Code, Sections 1344(1), 1344(2), and 2.

<u>Count 8</u>

Bank Fraud (18 U.S.C. § 1344)

55.     The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7 of this Indictment.

56.     Beginning in or about June 2016, and continuing until September 12, 2016, within the District of Hawaii, defendants KATHERINE P. KEALOHA, aka Katherine E. Kealoha, aka Kathy Kealoha, aka K. Aloha, aka Kathryn Aloha, aka Kat, aka Alison Lee Wong, and LOUIS M. KEALOHA knowingly devised, with the intent to defraud, a material scheme to defraud HCFCU and to obtain money and funds owned by and under the custody and control of HCFCU by means of materially false and fraudulent pretenses, representations and promises.

19

57.     It was part of the scheme that L. KEALOHA and K. KEALOHA would apply to HCFCU for a $1,040,000 refinancing of their mortgage and "cash out" of approximately $32,000, and a $172,500 home equity line on an investment property.

58.     It was further part of the scheme that K. KEALOHA would sign and provide a letter of explanation, dated August 5, 2016, falsely claiming that different handwriting appeared in the loan application because K. KEALOHA had "serious health issues which have affected [her] vision and handwriting."

59.     It was further part of the scheme that L. KEALOHA and K. KEALOHA would submit a forged HPD police report, purportedly signed by HPD officer C.P.M. on March 30, 2009, in an attempt to claim that the defendants were the victims of identity theft and explain away their poor credit history.

Execution of Scheme

60.     In or about July 2016, within the District of Hawaii, K. KEALOHA and L. KEALOHA knowingly executed the scheme by submitting a letter of explanation that falsely denied certain derogatory items on their credit report, and falsely disavowed certain credit accounts that belonged to them.

All in violation of Title 18, United States Code, Sections 1344(1), 1344(2), and 2.

//

//

//

//

## Counts 9-12

### Aggravated Identity Theft (18 U.S.C. § 1028A)

61.    The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7 of this Indictment.

62.    On or about the dates set forth below, within the District of Hawaii, defendant KATHERINE P. KEALOHA (1), aka Katherine E. Kealoha, aka Kathy Kealoha, aka K. Aloha, aka Kathryn Aloha, aka Kat, aka Alison Lee Wong, did knowingly use without lawful authority a means of identification of another person during and in relation to a felony violation enumerated in 18 U.S.C. § 1028A(c) – that is, Bank Fraud in violation of Title 18, United States Code, Section 1344 – knowing that the means of identification belonged to another actual person:

| Count | Date | Means of Identification | Felony Violation Alleged In |
|-------|------|------------------------|----------------------------|
| 9 | March 2013 | C.P.M.'s name, that is, the forged signature of C.P.M. | Count 5 |
| 10 | August 2013 | C.P.M.'s name, that is, the forged signature of C.P.M. | Count 6 |
| 11 | July 2014 | C.P.M.'s name, that is, the forged signature of C.P.M. | Count 7 |
| 12 | July 2016 | C.P.M.'s name, that is, the forged signature of C.P.M. | Count 8 |

All in violation of Title 18, United States Code, Section 1028A.

## Counts 13-14

### Obstruction of Official Proceeding (18 U.S.C. § 1512(c)(2))

63.    The grand jury realleges and incorporates by reference Introductory Allegations 1 through 7 of this Indictment.

64.    Between November 19, 2015 and October 2017, a Federal grand jury in the District of Hawaii was conducting a proceeding to determine whether violations of federal law had been committed by KATHERINE P. KEALOHA and others.  Among the avenues of investigation being pursued by the grand jury was whether KATHERINE P. KEALOHA had misappropriated the funds in the Trust Account that were owned by Ransen Taito and A.T.

65.    On or about the dates set forth below, in the District of Hawaii, defendant KATHERINE P. KEALOHA (1), aka Katherine E. Kealoha, aka Kathy Kealoha, aka K. Aloha, aka Kathryn Aloha, aka Kat, aka Alison Lee Wong, did corruptly obstruct, influence, and impede an official proceeding – that is, the Federal grand jury:

| Count | Date | Act |
|---|---|---|
| 13 | April 21, 2016 | K. KEALOHA caused Ransen Taito and A.T. to testify falsely before the Federal grand jury concerning the Trust Accounts |
| 14 | May 3, 2016 | K. KEALOHA sent an email attaching false and misleading documents she had caused Ransen Taito and A.T. to sign, intending that these documents would be provided to the Federal grand jury |

All in violation of Title 18, United States Code, Section 1512(c)(2).

## Forfeiture Allegations

66.     The allegations contained in paragraphs 1 through 7 of the Introductory Allegations, and Counts 1 through 14 of this Indictment, are realleged and incorporated by reference for the purpose of alleging forfeiture to the United States pursuant to Title 18, United States Code, Section 982(a)(2)(A).

67.     Upon conviction of the offenses in violation of Title 18, United States Code, Section 1344, set forth in Counts 1 through 8 of this Indictment, defendants KATHERINE P. KEALOHA (1), aka Katherine E. Kealoha, aka Kathy Kealoha, aka K. Aloha, aka Kathryn Aloha, aka Kat, aka Alison Lee Wong, and LOUIS M. KEALOHA (2) shall forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(2)(A), any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of such violations. The property to be forfeited includes, but is not limited to, the following:

a.      The total amount of proceeds obtained directly or indirectly as a result of the offenses;

b.      All of that certain parcel of land situated at Maunalua, Honolulu, City and County of Honolulu, State of Hawaii, being LOT 84 of the "LUNA-KAI MARINA, UNIT 9-A," as shown on File Plan No. 1116, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 7,508 square feet, more or less; and

23

  c. A Rolex Two-Tone Submariner Watch with Blue Dial Large Karat Gold, Serial Number V864527.

68. If any of the property described above, as a result of any act or omission of the defendants (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the court; (d) has been substantially diminished in value; or (e) has been commingled with other property which cannot be divided without difficulty, the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code Section 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

Dated: Honolulu, Hawaii, September 19, 2019.

     A TRUE BILL

     /s/ Foreperson
     FOREPERSON, GRAND JURY

WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney

MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI S. GANDHI, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys to the Attorney General