WILLIAM P. BARR
Attorney General
ROBERT S. BREWER, JR.
United States Attorney
MICHAEL G. WHEAT, CBN 118598
JOSEPH J.M. ORABONA, CBN 223317
JANAKI G. CHOPRA, CBN 272246
COLIN M. MCDONALD, CBN 286561
Special Attorneys of the United States
880 Front Street, Room 6293
San Diego, CA 92101
619-546-8437/7951/8817/9144
michael.wheat@usdoj.gov

Attorneys for the United States

# UNITED STATES DISTRICT COURT

## DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>KATHERINE P. KEALOHA (1),<br><br>Defendant. | CR. NO. 18-00068 JMS-WRP<br><br>MOTION OF THE UNITED STATES FOR ISSUANCE OF A PRELIMINARY ORDER OF CRIMINAL FORFEITURE |

MOTION OF THE UNITED STATES FOR ISSUANCE OF A
<u>PRELIMINARY ORDER OF CRIMINAL FORFEITURE</u>

COMES NOW Plaintiff, UNITED STATES OF AMERICA, by and through

its counsel, the Attorney General William P. Barr, United States Attorney Robert S.

Brewer, Jr., and the Special Attorneys named herein, and respectfully submits the

United States Government's Motion for Issuance of a Preliminary Order of Criminal Forfeiture. In support thereof, the United States sets forth the following:

1. On or about September 19, 2019, a Third Superseding Indictment was returned against Defendant, KATHERINE P. KEALOHA (1) ("Defendant"). The Third Superseding Indictment charged the Defendant with, *inter alia*, Bank Fraud, in violation of 18 U.S.C. § 1344, and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A, and alleged criminal forfeiture pursuant to 18 U.S.C. § 982(a)(2)(A), 982(b) and 28 U.S.C. § 2461(c).

2. On or about October 22, 2019, the Defendant pled guilty before the Honorable J. Michael Seabright to Counts Three and Ten of the Third Superseding Indictment, consented to the forfeiture allegations of the Third Superseding Indictment, and agreed to forfeit all property seized in connection with this case, including but not limited to:

- (1) A money judgment in the amount of $228,746.79 representing the proceeds Defendant obtained from the offenses set forth in Counts Three and Ten;

- (2) The total amount of proceeds obtained directly or indirectly as a result of the offense of conviction, including but not limited to $63,476.97 in proceeds from the sale of Defendant's residence located at 7014 Niumalu Loop, Honolulu, HI 96825;

- (3) All of that certain parcel of land situated at Maunalua, Honolulu, City and County of Honolulu, State of Hawaii, being LOT 84 of the "LUNA-KAI MARINA, UNIT 9-A,"

                as shown on File Plan No. 1116, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 7,508 square feet, more or less; and,

       (4)    A Rolex Two-Tone Submariner Watch with Blue Dial Large Karat Gold, Serial Number V864527.

3.    The Court's jurisdiction in this matter is founded upon 18 U.S.C. §982(a)(2)(A), which provides, with respect to any person convicted of 18 U.S.C. § 1344:

<u>18 U.S.C. § 982</u>

> (a)(2) The court, in imposing sentence on a person convicted of a violation of, or a conspiracy to violate—
>
>> (A)    section 215, 656, 657, 1005, 1006, 1007, 1014, 1341, 1343, or 1344 of this title, affecting a financial institution, . . .
>
> shall order that the person forfeit to the United States any property constituting, or derived from, proceeds the person obtained directly or indirectly, as the result of such violation.

4.    Pursuant to Rule 32.2(b)(3), the Court is further authorized to enter the requested Order of Criminal Forfeiture after conviction but prior to sentencing.

5.    According to the pertinent statutes, the Court must enter a Money Judgment of Forfeiture against the Defendant in the amount $228,746.79, which represents proceeds of bank fraud as described in Count Three of the Third Superseding Indictment, and as admitted in Defendant's Plea Agreement, and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 982(a)(2)(A).

6. By virtue of said guilty plea and the Court's findings, the United States is now entitled to said proceeds from the Defendant in the amount of $228,746.79, pursuant to 18 U.S.C. §982(a)(2)(A) and Rule 32.2(b) of the Federal Rules of Criminal Procedure.

7. In the plea agreement, the Defendant has agreed that the provisions for the substitution of assets as provided in 18 U.S.C. § 982(b), which incorporates 21 U.S.C. § 853(p), and has agreed the United States may take actions to collect the $228,746.79 forfeiture.

8. Further, according to the pertinent statutes, the Court is requested to enter an order of forfeiture in favor of the United States in the specific items of property described in paragraph 2 above, which Defendant admitted are proceeds of the violation of 18 U.S.C. § 1344 of which Defendant pled guilty.

9. Pursuant to Rule 32.2(b), the United States requests the authority to take custody of these specific properties that were found forfeitable by the Court.

10. The United States further requests pursuant to Rule 32.2(b)(3) and (c) that the Court enter an order to begin proceedings consistent with any statutory requirements pertaining to ancillary hearings and rights of third parties.

11. Upon the issuance of a Preliminary Order of Criminal Forfeiture, the United States will provide written notice to all third parties asserting a legal interest in the above-described properties and will publish notice on the United States'

forfeiture website, www.forfeiture.gov, of the Court's Order and the United States' intent to dispose of the properties in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n) and Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

12. By virtue of the facts set forth in the Plea Agreement, the United States has established the requisite nexus between the forfeited properties and the offense.

13. When the forfeiture money judgment is entered as to Defendant, the Government requests that it be joint and several with co-Defendant Louis M. Kealoha.

14. The United States has submitted the text of this Motion and Order to the Defendant, through her attorney of record, to review as to the timing and form of the order. To date, no objection to the Motion and Order has been received. The guilty pleas of the Defendant provide a factual basis for the forfeiture of the above-referenced assets.

WHEREFORE, the United States respectfully requests:

1. That this Court enter the proposed Preliminary Order of Criminal Forfeiture, forfeiting to the United States of America all right, title and interest of Defendant KATHERINE P. KEALOHA (1) in the following assets, and ordering the United States Marshals Service to take control of item (3), and take custody of items (2) and (4) forthwith and maintain them in its secure custody and control

pending ancillary proceedings, which will resolve the interest of any third parties claiming an interest in the property(ies):

    (2)    The total amount of proceeds obtained directly or indirectly as a result of the offense of conviction, including but not limited to $63,476.97 in proceeds from the sale of Defendant's residence located at 7014 Niumalu Loop, Honolulu, HI 96825;

    (3)    All of that certain parcel of land situated at Maunalua, Honolulu, City and County of Honolulu, State of Hawaii, being LOT 84 of the "LUNA-KAI MARINA, UNIT 9-A," as shown on File Plan No. 1116, filed in the Bureau of Conveyances of the State of Hawaii, and containing an area of 7,508 square feet, more or less; and,

    (4)    A Rolex Two-Tone Submariner Watch with Blue Dial Large Karat Gold, Serial Number V864527.

2.    That this Court also enter a Forfeiture Money Judgment in favor of the United States of America against Defendant KATHERINE P. KEALOHA (1) in the amount of $228,746.79, pursuant to 18 U.S.C. §982(a)(2)(A) and Rule 32.2(b) of the Federal Rules of Criminal Procedure, with interest to accrue thereon in accordance with 18 U.S.C. § 3612(f) and 28 U.S.C. § 1961.

3.    That the United States District Court retain jurisdiction in the case for the purpose of enforcing the Order of Forfeiture, including enforcement of collection and substitution of assets against the forfeiture money judgment.

4.    That Defendant's forfeiture money judgment shall be joint and several with her co-defendant, Louis M. Kealoha, and any payment or collection on the

forfeiture order of $228,746.79 by or against either Defendant, Katherine P. Kealoha or Louis M. Kealoha, shall be credited to the forfeiture money judgment entered against each defendant.

5. That the United States may, at any time, move pursuant to Rule 32.2(e) to amend the Order of Forfeiture to substitute property having a value not to exceed $228,746.79 to satisfy the Order of Forfeiture in whole or in part.

6. That pursuant to Rule 32.2(b)(4), the Order of Forfeiture shall be made final as to the Defendant at the time of sentencing and be part of the sentence and included in the judgment.

Dated: November 24, 2020.

Respectfully submitted,

WILLIAM P. BARR
Attorney General

ROBERT S. BREWER, JR.
United States Attorney


By /s/ *Janaki G. Chopra*
  MICHAEL G. WHEAT
  JOSEPH J.M. ORABONA
  JANAKI G. CHOPRA
  COLIN M. MCDONALD
  Special Attorneys to the Attorney General

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>KATHERINE P. KEALOHA (1),<br><br>　　　　Defendant. | CR. NO. 18-00068 JMS-WRP<br><br>CERTIFICATE OF SERVICE |

　　　　I hereby certify that, on the date and by the method of service noted below, a true and correct copy of the foregoing was served on the following parties:

Served Electronically through CM/ECF:

　　　　Gary Gurmail Singh, Attorney for Defendant Katherine P. Kealoha

　　　　DATED: November 24, 2020, at San Diego, California.

　　　　　　　　　　　　　　　　　　/s/ *Janaki G. Chopra*
　　　　　　　　　　　　　　　　　　JANAKI GANDHI CHOPRA
　　　　　　　　　　　　　　　　　　Special Attorney to the Attorney General