IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　v.<br><br><br>KATHERINE P. KEALOHA,<br><br>　　　　Defendant. | CR. NO. 17-00582 JMS-WRP<br>CR. NO. 18-00068 JMS-WRP<br>CR. NO. 19-00015 JMS-WRP<br><br>CV. NO. 22-00335 JMS-WRP<br>CV. NO. 22-00336 JMS-WRP<br>CV. NO. 22-00337 JMS-WRP<br><br>ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS AND RELEASE FROM CUSTODY FOR INEFFECTIVE COUNSEL IN FAILURE TO FILE NOTICE OF APPEAL BASED ON *GARZA V. IDAHO*, ECF NO. 1112; AND (2) DENYING CERTIFICATE OF APPEALABILITY |

**ORDER (1) DENYING DEFENDANT'S MOTION TO DISMISS AND RELEASE FROM CUSTODY FOR INEFFECTIVE COUNSEL IN FAILURE TO FILE NOTICE OF APPEAL BASED ON *GARZA V. IDAHO*, ECF NO. 1112; AND (2) DENYING CERTIFICATE OF APPEALABILITY**

### I. INTRODUCTION

Pro se Defendant Katherine P. Kealoha ("Defendant") has filed a "Motion to Dismiss and Release from Custody for Ineffective Counsel in Failure to file notice of Appeal based on *Garza v. Idaho*," which the court has construed as a petition to vacate or set aside her conviction pursuant to 28 U.S.C. § 2255

("Petition" or "§ 2255 Petition").[1]  ECF No. 1112.[2]  After careful review, the court determines that Defendant's claims are either time-barred or are not properly brought under 28 U.S.C. § 2255.  As a result, the Petition is DENIED.

## II.  BACKGROUND

On June 27, 2019, Defendant[3] was convicted by a jury in Cr. No. 17-00582 JMS-WRP of one count of conspiracy in violation of 18 U.S.C. § 371 and three counts of obstruction of an official proceeding in violation of 18 U.S.C. § 1512(c)(2).  *See* ECF Nos. 164, 835, 836, 838, and 839.  On October 22, 2019, Defendant then pled guilty to charges set forth in two separate indictments: she pled guilty in Cr. No. 18-00068 JMS-WRP to one count of bank fraud in violation of 18 U.S.C. § 1344 and one count of aggravated identity theft in violation of 18 U.S.C. § 1028A; and she pled guilty in Cr. No. 19-00015 JMS-WRP to one count of misprision of felony in violation of 18 U.S.C. § 4.  *See* ECF Nos. 201, 203 in Cr.

---

[1] Shortly after Defendant filed her Petition, the court entered an order construing the Petition as being brought pursuant to 28 U.S.C. § 2255.  ECF No. 1113.  Defendant then challenged the court's "sua sponte recharacterization of the Motion . . . as a § 2255 Motion."  ECF No. 1133 at PageID.17786.  Later, however, Defendant changed her position and affirmatively requested and agreed that the court construe her Petition as one brought under § 2255.  *See* ECF No. 1167 at PageID.19081.

[2] Unless otherwise specified, all references to filings in this Order are to the docket in Cr. No. 17-00582 JMS-WRP.

[3] Although Defendant is now proceeding pro se, she was previously a member of the State of Hawaii Bar and from 2010 thought August 2018 was employed as a Deputy Prosecuting Attorney by the Department of the Prosecuting Attorney for the City and County of Honolulu.  ECF No. 961 at PageID.11662.

No. 18-00068 JMS-WRP and ECF Nos. 85, 86 in Cr. No. 19-00015 JMS-WRP.

On November 30, 2020, Defendant was sentenced to a total period of incarceration of 132 months based on her convictions in all three cases. ECF No. 1029. A separate judgment in each case was entered on December 10, 2020. *See id*. in Cr. No. 17-00582 JMS-WRP; ECF No. 250 in Cr. No. 18-0068 JMS-WRP; and ECF No. 151 in Cr. No. 19-00015 JMS-WRP. No notice of appeal was filed in any of these cases.

Defendant, acting pro se, filed her § 2255 Petition on July 22, 2022.[4] She then filed several supplements in support of her § 2255 Petition and in support of a request for bail pending a ruling on the § 2255 Petition. *See* ECF Nos. 1115, 1116, 1118, 1127, 1128. Reading her § 2255 Petition and all the supplements together as a whole, Defendant makes three separate challenges to her conviction: First, she alleges that her prior counsel, Earle Partington ("Partington"), provided ineffective assistance of counsel in failing to file a notice of appeal. Second, she claims that Cynthia Kagiwada ("Kagiwada"), her prior trial counsel in Cr. No. 17-00582 JMS-WRP, provided ineffective assistance of counsel both before and

---

[4] A motion is deemed filed on the date an incarcerated defendant gives it to prison officials for mailing to the court. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (explaining prison mailbox rule); *Douglas v. Noelle*, 567 F.3d 1103, 1108–09 (9th Cir. 2009). Here, Defendant dated the Petition on July 22, 2022, and the mailing envelope has a July 25, 2022 postmark. ECF Nos. 1112, 1112-1. For purposes of this Order, the court deems the Petition's filing date to be July 22, 2022.

during trial.[5]  And last, she argues that Partington provided ineffective assistance of counsel in failing to file a § 2255 Petition within the one-year limitations period.

The court ordered briefing from both parties limited to the issue of timeliness.  ECF Nos. 1114, 1136.  The United States filed a Response on September 30, 2022, and a supplement on October 6, 2022.  ECF Nos. 1147, 1156.  After receiving several extensions, Defendant filed her response on May 8, 2023.  ECF No. 1197.

As explained below, the court determines that the Petition is time-barred as to the claim that Partington was ineffective in failing to file a notice of appeal and that Kagiwada was ineffective in pretrial and trial proceedings.  Further, Partington could not have provided ineffective assistance of counsel in failing to file a § 2255 petition because there is no constitutional right to counsel in a post-conviction § 2255 proceeding.

///

///

///

---

[5] Kagiwada represented Kealoha as court-appointed counsel in all three cases, including during trial in Cr. 17-00582 JMS-WRP.  On June 15, 2019, while trial was ongoing, Partington was retained and entered an appearance as co-counsel for Kealoha.  ECF No. 767.  On July 2, 2019, after the jury returned guilty verdicts as to Kealoha, Kagiwada filed a motion to withdraw as counsel.  ECF No. 849.  The court granted that motion on July 12, 2019, with Partington continuing as Kealoha's counsel.  ECF No. 856.  On November 15, 2019, Partington withdrew, and the court appointed attorney Gary Singh as counsel.  ECF No. 937.  Singh then represented Kealoha in all three cases at sentencing on November 30, 2020.

## III. ANALYSIS

**A.    Defendant's Claims That Partington Was Ineffective in Failing to File a Notice of Appeal and That Kagiwada Was Ineffective as Trial Counsel Are Time-Barred Under 28 U.S.C. § 2255(f)**

First, the court addresses Defendant's assertion that Partington was ineffective for failing to file a notice of appeal, and that Kagiwada was ineffective in representing her at trial. As set forth below, both of these claims are time-barred.

A one-year statute of limitations applies to § 2255 petitions, which runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

The court addresses each of § 2255(f)'s subsections, as well as the

doctrine of equitable tolling.

### 1. Section 2255(f)(1)

The finality date of a criminal judgment—that is, the date the one-year limitations period begins to run for purposes of a § 2255 petition—depends on a defendant's post-conviction appellate activity. If a defendant "does not pursue a direct appeal to the Court of Appeals, the conviction becomes final when the time for filing a direct appeal expires." *United States v. Gilbert*, 807 F.3d 1197, 1199 (9th Cir. 2015) (citing *United States v. Schwartz*, 274 F.3d 1220, 1223 & n.1 (9th Cir. 2001)). Here, judgment was entered on December 10, 2020, and the deadline to file a notice of appeal was 14 days later, December 24, 2020. Although Defendant had one year after December 24, 2020 to file a § 2255 petition, she did not do so until July 22, 2022, approximately six months after the one-year statutory period passed.

Defendant asserts, however, that a February 11, 2022 filing of a final order of forfeiture applicable to Cr. No. 18-00068 JMS-WRP restarts or otherwise extends the one-year clock for all three of her cases.[6] ECF No. 1138 at

---

[6] As part of her plea agreement in Cr. No. 18-00068 JMS-WRP, Defendant agreed to the forfeiture of specific property. ECF No. 203 at PageID.1676–80 in Cr. No. 18-00068 JMS-WRP. On November 25, 2020, the court entered a "Preliminary Order of Criminal Forfeiture." ECF No. 243 in Cr. No. 18-00068 JMS-WRP. And Defendant's Judgment in Cr. No. 18-00068 JMS-WRP states in part that she "shall forfeit the defendant's interest in the following property to the United States: Preliminary Order of Criminal Forfeiture, issued as to Katherine P.
(continued . . .)

PageID.17827–39.  Defendant is wrong for several reasons.[7]

First, the filing of a final order of forfeiture after judgment does not restart or otherwise extend the one-year clock.  This is because a "preliminary" order of forfeiture is final as to the defendant (as opposed to any third parties), and thus a defendant has no standing to appeal or otherwise challenge a final order of forfeiture.  And because a defendant has no right to appeal the final order of forfeiture, the entry of that final order of forfeiture cannot be considered "the date of which the judgment of conviction becomes final."

*United States v. Amodeo*, 916 F.3d 967 (11th Cir. 2019), explains the forfeiture process under Federal Rule of Criminal Procedure 32.2, and why a defendant has no standing to appeal a final order of forfeiture:

> Under Federal Rule of Criminal Procedure 32.2, criminal forfeiture is split into two phases: the first phase concerns the defendant's ownership of the property to be forfeited, and the second phase concerns any third party's ownership of that property.
>
> When . . . a criminal defendant pleads guilty and agrees to the forfeiture, the district court must promptly enter a preliminary forfeiture order.  Fed. R. Crim. P. 32.2(b)(1)–(2).  "At sentencing—or at any time before

---

Kealoha.  *See* ECF No. 243, 'Preliminary Order of Criminal Forfeiture', filed on November 25, 2020, which is incorporated herein by reference."  ECF No. 250 in Cr. No. 18-00068 JMS-WRP at PageID.2465.  The Final Order of Forfeiture was then entered on February 11, 2022.  ECF No. 293 in Cr. No. 18-00068 JMS-WRP.

[7] Even if Defendant's premise had any merit, forfeiture was ordered solely in Cr. No. 18-00068 JMS-WRP, and the filing of a final order of forfeiture in that case could not impact the one-year limitation period for the other two cases.

> sentencing if the defendant consents—the preliminary forfeiture order becomes final *as to the defendant*." Fed. R. Crim. P. 32.2(b)(4)(A) (emphasis added). Although the preliminary forfeiture order is final as to the defendant, it "remains preliminary as to third parties until the ancillary proceeding is concluded." *Id.* The defendant may appeal the preliminary forfeiture order. Fed. R. Crim. P. 32.2(b)(4)(C).
>
> The district court conducts an ancillary proceeding so that third parties can assert their interest in the property. Fed. R. Crim. P. 32.2(c). Although it occurs in the context of criminal forfeiture, the ancillary proceeding is civil in nature. *United States v. Davenport*, 668 F.3d 1316, 1323 (11th Cir. 2012). The ancillary proceeding exists to determine whether a third party has an interest in the property that the defendant has already forfeited—not to relitigate the preliminary order's finding of forfeitability. *Id.* at 1321. So the ancillary proceeding determines whether a third party or the government will obtain the forfeited property.
>
> After the district court accounts for the interest of any third parties, it must enter a final forfeiture order. Fed. R. Crim. P. 32.2(c)(2). A defendant "generally has no standing to participate in the ancillary proceeding." *United States v. Pelullo*, 178 F.3d 196, 202 (3d Cir. 1999). And he cannot appeal the final forfeiture order because it "has no bearing on the defendant's rights." *United States v. Flanders*, 752 F.3d 1317, 1343 (11th Cir. 2014).

*Id*. at 972.

Many other courts have held the same. *See United States v. Bennett*, 147 F.3d 912, 914 (9th Cir. 1998) (finding the district court had no jurisdiction to

consider a defendant's appeal of final order of forfeiture); *United States v. Mertens*, 455 F. App'x 767, 768 (9th Cir. 2011) (stating that "[b]ecause a defendant's interest in property is extinguished upon the entry of a preliminary order of forfeiture," the defendant lacked standing to challenge the final order of forfeiture); *United States v. Mills*, 620 F. App'x 343, 344 (5th Cir. 2015) (finding that a defendant lacked standing to challenge a final order of forfeiture because his "interest in the forfeited property was resolved by the preliminary order of forfeiture, which became final to him at sentencing"); *see also United States v. Grigsby*, 664 F. App'x 708 (10th Cir. 2016); *United States v. Gallman*, 2022 WL 134837 (4th Cir. Jan. 14, 2022); *United States v. Perri*, 2023 WL 418060 (3d Cir. Jan. 26, 2023).  Thus, contrary to the assumption that Defendant appears to make, she had no standing to appeal the final order of forfeiture.[8]  As a result, the date on which the judgment of conviction became "final" for purposes of § 2255(f)(1) could not extend to the date of the entry of the final order of forfeiture.

There is yet another reason specific to § 2255 proceedings why the entry of the final order of forfeiture does not extend or restart the one-year clock.

---

[8] In fact, although Defendant now appears to claim otherwise, she agreed in her plea agreement that any interest she had in the forfeited property was "final" upon the entry of the preliminary order of forfeiture.  *See* ECF No. 203 in Cr. No. 18-00068 JMS-WRP at PageID.1677–78 ("Defendant consents and agrees to the immediate entry of a preliminary order of forfeiture upon the entry of the guilty plea.  Defendant agrees that upon entry of the preliminary order of forfeiture, such order shall be final as to Defendant's interests in the properties.").

A Defendant has no right to challenge a forfeiture order (preliminary or final) in a § 2255 proceeding. That is, like a challenge to a restitution order, a challenge to a forfeiture order cannot be brought under § 2255. *See United States v. Thiele*, 314 F.3d 399, 402 (9th Cir. 2002) (finding that a claim challenging restitution cannot be addressed in a § 2255 petition); *United States v. Finze*, 428 F. App'x 672, 677 (9th Cir. 2011) (applying *Thiele* to bar a § 2255 challenge to a forfeiture order). And when a specific restitution amount is ordered post-judgment and is then reflected in an amended judgment, entry of the initial— not the amended— judgment begins the running of the one-year clock under § 2255(f). *See Gilbert*, 807 F.3d at 1201. Thus, because a restitution order cannot be challenged with a § 2255 petition, "it would make no sense to let [the defendant] restart the statute of limitations under § 2255 from an amended judgment that addressed only the specific amount of restitution." *Id*. Here, likewise, it would make "no sense" to restart the one-year clock upon the entry of a final order of forfeiture that cannot be challenged by a § 2255 petition and that (in this case) did not even result in an amended judgment.

In sum, under § 2255(f)(1), Defendant's judgment of conviction became final in late December 2020 (when the time to file a direct appeal expired) but she did not file her § 2255 Petition until July 2022, approximately six months after the one-year limitations period had passed. Thus, unless § 2255(f)(2)–(4) or

equitable tolling applies, the Petition is untimely.

### 2. Section 2255(f)(2)

Next, § 2255(f)(2) does not provide Defendant relief.  Defendant argues that various COVID-19 restrictions, such as placement in quarantine and limited access to the prison law library, constitute government-induced impediments.  ECF No. 1197.  To be sure, courts have held that lack of access to certain legal resources, including a law library, may constitute, in some circumstances, a government-induced impediment under § 2255(f)(2) (or under 28 U.S.C. § 2244(d)(1)(B), the § 2244 counterpart to § 2255(f)(2)).  *See, e.g.*, *Simmons v. United States*, 974 F.3d 791, 795–96 (6th Cir. 2020); *see also Estremera v. United States*, 724 F.3d 773, 777 (7th Cir. 2013); *Egerton v. Cockrell*, 334 F.3d 433, 438–39 (5th Cir. 2003) (finding that "[t]he absence of all federal materials from a prison library," including a copy of the Antiterrorism and Effective Death Penalty Act ("AEDPA"), "without making some alternative arrangements to apprise prisoners of their rights," constitutes a government-induced impediment under 28 U.S.C. § 2244(d)(1)(B)); *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (holding that absence of legal materials describing AEDPA may be sufficient to constitute an "impediment" under 28 U.S.C. § 2244(d)(1)(B)).

But "to invoke Section 2255(f)(2), it is the prisoner's responsibility to

11

allege (1) the existence of an impediment to his making a motion, (2) governmental action in violation of the Constitution or laws of the United States that created the impediment, and (3) that the impediment prevented the prisoner from filing his motion." *Simmons*, 974 F.3d at 796–97. Stated differently, Defendant must show a causal connection between the unlawful impediment asserted and her failure to timely file her § 2255 Petition. *See also Bryant v. Arizona Atty. Gen.*, 499 F.3d 1056, 1060 (9th Cir. 2007) (requiring a causal connection to be shown when a petitioner seeks to invoke § 2244(d)(1)(B)). Defendant fails to meet that burden here.

As an initial matter, the closure of the law library and other similar restrictions due to the COVID-19 pandemic were actions taken by the Bureau of Prisons for the health and safety of inmates and staff during a global health crisis. It is doubtful that those restrictions constitute government-induced impediments under § 2255(f)(2), let alone impediments in violation of the Constitution or law of the United States. *See, e.g., Caraballo v. United States*, 2021 WL 1062036, at *2 (S.D.N.Y. Mar. 19, 2021) ("[The court does] not regard [pandemic-related] steps taken in the interest of health and safety as government-induced impediments [under § 2255(f)(2)]."); *United States v. Leggio*, 2021 WL 694806, at *3 (M.D. Pa. Feb. 22, 2021) (finding no merit to a defendant's argument that he was prevented from filing a § 2255 petition due to lack of access to lawyers and the courts

because of the COVID-19 pandemic because "the . . . pandemic is clearly not an 'impediment to making a motion created by government action' [under § 2255(f)(2)]"); *United States v. Thompson*, 2023 WL 2499190, at *3 (E.D. La. Mar. 14, 2023) (agreeing with several courts that COVID-19 related restrictions are not "unconstitutional or illegal government-created impediments" within the context of § 2255(f)(2), because such emergency responses are neither unconstitutional nor illegal); *United States v. Jones*, 2022 WL 2872515, at *3 (S.D.N.Y. July 20, 2022) (finding unpersuasive inmate's argument that closed courts and COVID-19-related law library limitations due to the pandemic constitute impediments created by governmental action under Section 2255(f)(2) because "health and safety protocols do not qualify as government-induced impediments under Section 2255(f)(2)"); *see also Akins v. United States*, 204 F.3d 1086, 1090 (11th Cir. 2000) (finding that prison lockdown was not an unconstitutional impediment).

Nevertheless, even assuming that periods of quarantine and limited use of library resources during the pandemic otherwise falls under § 2255(f)(2), Defendant fails to demonstrate that she was "prevented from making a motion by such governmental action." 28 U.S.C. § 2255(f)(2); *see Simmons*, 974 F.3d at 797; *Krause v. Thaler*, 637 F.3d 558, 561 (5th Cir. 2011) (stating that, in order to prevail in his attempt to invoke tolling under § 2244(d)(1)(B), a defendant

13

"must . . . show that the lack of adequate legal materials actually *prevented* him from timely filing his habeas petition" (emphasis in original)).

As to the claim that Partington was ineffective for failing to file a notice of appeal, Defendant has failed to demonstrate that she could not have learned of this failure well within the one-year limitations period. In fact, in her response Defendant does not claim that she was unable to contact Partington, but instead states that she had "very limited access to [Partington] while in quarantine." ECF No. 1197 at PageID.19253. Further, even if Defendant had difficulty reaching Partington directly at some point in time, the government has shown that BOP records reflect that Defendant was able to access email (a total of approximately 2,171 emails) and engage in phone calls (a total of approximately 512) for the time period from December 2020 through January 2022. *See* ECF Nos. 1147 at PageID.18176 and 1147-2, 1147-3. In other words, Defendant has failed to demonstrate that there was an impediment to making a motion by government action—BOP certainly provided Defendant with the tools to make contact with Partington, her counsel at sentencing (Gary Singh), family members, or others to determine the status of her appeal.

And as to the claim that Kagiwada provided ineffective assistance of counsel, Defendant has not demonstrated that she was prohibited in any way from filing her own § 2255 petition within the limitations period. Defendant was

14

previously a licensed attorney and worked for many years in the field of criminal law. And although COVID-19 restrictions may have made it more difficult to file a § 2255 petition, Defendant has not shown that she was *prevented* from filing a timely § 2255 petition due to these restrictions. Further, subject to certain COVID-19 quarantine periods, Defendant had access to legal research using the law library computer workstations while housed at the Federal Detention Center Honolulu from June 2019 to June 2021. ECF No. 1147-4. And while housed at the Federal Correctional Complex Victorville between June 2021 and March 2022, and again subject to certain COVID-19 restrictions, Defendant had access to law library computers. ECF No. 1156-1. In short, Defendant certainly could have filed a § 2255 petition claiming that Kagiwada provided ineffective assistance of counsel well within the one-year limitations period.

      3.     **Section 2255(f)(3)**

Section 2255(f)(3) does not apply as well. Although Defendant cites *Garza v. Idaho*, 139 S.Ct. 738 (2019), *Garza* was decided more than one year prior to Defendant's sentencing. In short, Defendant has cited no right newly recognized by the Supreme Court made retroactively applicable on collateral review.

      4.     **Section 2255(f)(4)**

Likewise, § 2255(f)(4) does not apply to Defendant's claims. Section

15

2255(f)(4) tolls the statute of limitations until the date on which the facts supporting the claim or claims could have been discovered through the exercise of reasonable diligence. *Clarke v. United States*, 703 F.3d 1098, 1100 (7th Cir. 2013). This provision "does not require the maximum feasible diligence, only due, or reasonable, diligence." *Anjulo-Lopez v. United States*, 541 F.3d 814, 818 (8th Cir. 2008) (quoting *Wims v. United States*, 225 F.3d 186, 190 n.4 (2d Cir. 2000)). In other words, reasonable diligence "does not require a prisoner to undertake repeated exercises in futility or to exhaust every imaginable option." *Id*. (quoting *Aron v. United States*, 291 F.3d 708, 712 (11th Cir. 2002)). Rather, a prisoner must "make reasonable efforts to discover the facts supporting [her] claims." *Id*.

As to the claim that Partington was ineffective for failing to file a notice of appeal, Defendant has not demonstrated that, with the exercise of reasonable diligence, she could not have learned that Partington failed to file a notice of appeal. As set forth above, Defendant certainly had the tools to inquire as to the status of her appeal, but she simply failed to do so. For example, as the government points out, Defendant remained in contact with her counsel Gary Singh while in custody and could have simply asked him to check on the status of any appeal (or, for that matter, any potential § 2255 petition). And more importantly, Defendant has not presented any evidence as to actual attempts that she made to contact Partington, such as the simple act of mailing a letter.

And Defendant certainly could have filed her own § 2255 petition raising claims against Kagiwada within the limitations period. Defendant has set forth very specific allegations regarding Kagiwada in the instant § 2255 Petition, ECF No. 1116 at PageID.17561, and she has provided no reason as to why she could not have done so earlier.

### 5. *Equitable Tolling*

Finally, equitable tolling does not apply.

> To be entitled to equitable tolling, a habeas petitioner bears the burden of showing (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way. Equitable tolling is available only when extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time and the extraordinary circumstances were the cause of [the prisoner's] untimeliness. This is a very high threshold.

*Gilbert*, 807 F.3d at 1202 (citations and quotation marks omitted). Equitable tolling is inapplicable for two reasons— Defendant has not shown, as set forth above, that she was pursuing her rights diligently, and she has not demonstrated that COVID-19 restrictions constituted extraordinary circumstances that made it *impossible* for her to file a § 22255 petition (as to either Partington's failure to file a notice of appeal, or as to Kagiwada's alleged ineffective assistance of counsel). Defendant had the tools and ability to pursue her rights diligently, but simply failed to do so. Equitable tolling simply does not apply.

17

B.  **Defendant's Allegation That Partington Was Ineffective for Failing to File a § 2255 Petition Does Not Give Rise to a § 2255 Claim**

In addition to the two claims discussed above, Defendant claims that she instructed Partington to file a § 2255 petition, and that his failure to do so constitutes ineffective assistance of counsel.

This claim rests on a faulty premise—that an attorney can provide constitutionally ineffective assistance of counsel in a § 2255 proceeding. In fact, there is no constitutional right to counsel in post-conviction proceedings. *See Davila v. Davis*, 582 U.S. 521, 528–29 (2017); *Coleman v. Thompson*, 501 U.S. 722, 752 (1991). And many courts have held that because there is no constitutional right to counsel in a § 2255 proceeding, there can be no constitutionally ineffective assistance of counsel in such a proceeding. *See United States v. Angelone*, 894 F.2d 1129, 1130 (9th Cir. 1990) (holding that an attorney's shortcomings in relation to work on a § 2255 petition cannot then be raised in a separate § 2255 petition because the defendant "had no right to counsel on his collateral post-conviction 28 U.S.C. § 2255 petition"); *Sanchez v. United States*, 50 F.3d 1448, 1456 (9th Cir. 1995) (holding that a defendant cannot challenge a former § 2255 attorney's ineffectiveness in a separate § 2255 proceeding because there is no constitutional right to counsel in such a proceeding and "[w]ithout such a right, [the defendant] cannot assert a claim for ineffective assistance of counsel"); *United States v. McGee*, 177 F. App'x 550, 551 (9th Cir. 2006) ("There cannot be

ineffective of assistance of counsel in cases where, as here, the appellant had no constitutional right to counsel."); *see also United States v. Powell*, 584 F. App'x 919, 920 (10th Cir. 2014); *Wyatt v. United States*, 574 F.3d 455, 459 (7th Cir. 2009). Thus, even if Partington failed to file a § 2255 petition as Defendant claims she requested him to do, the failure would not be a constitutional violation that may be raised in a § 2255 petition.

## IV.  CERTIFICATE OF APPEALABILITY

In dismissing the § 2255 Petition, the court must also address whether Defendant should be granted a certificate of appealability ("COA"). *See* R. 11 Governing § 2255 Cases in the U.S. Dist. Cts. (providing that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). A COA may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

"The standard for a certificate of appealability is lenient." *Hayward v. Marshall*, 603 F.3d 546, 553 (9th Cir. 2010) (en banc), *overruled on other grounds by Swarthout v. Cooke*, 562 U.S. 216 (2011). The petitioner is required to demonstrate only "that reasonable jurists could debate the district court's resolution or that the issues are adequate to deserve encouragement to proceed further." *Id*. (citation and quotation marks omitted). The standard "requires

something more than the absence of frivolity but something less than a merits determination." *Id*. (citation and quotation marks omitted).

Defendant's § 2255 Petition is clearly beyond the one-year time limit, and she has failed to show that it could possibly be construed as timely under § 2255(f). There is no factual basis for equitable tolling. Further, there is simply no § 2255 claim that can be brought based on counsel's failure to file a § 2255 petition. Based on this record, the court determines that reasonable jurists could not find the court's ruling debatable. *See Hayward*, 603 F.3d at 553. Accordingly, a COA is DENIED.

## V. CONCLUSION

Defendant's § 2255 Petition, ECF No. 1112, is DENIED, and the court DENIES a Certificate of Appealability.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, May 17, 2023.



 /s/ J. Michael Seabright
J. Michael Seabright
United States District Judge

*United States v. Kealoha*; Cr. No. 17-00582 JMS-WRP; Cr. No. 18-00068 JMS-WRP; Cr. No. 19-00015 JMS-WRP; Cv. No. 22-00335 JMS-WRP; Cv. No. 22-00336 JMS-WRP; Cv. No. 22-00337 JMS-WRP, Order (1) Denying Defendant's Motion to Dismiss and Release from Custody for Ineffective Counsel in Failure to File Notice of Appeal Based on *Garza v. Idaho*, ECF No. 1112; and (2) Denying Certificate of Appealability